UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| PELE BRADFORD,<br>Petitioner,<br><br>vs<br><br>WARDEN, OHIO STATE<br>PENITENTIARY,<br>Respondent. | Case No. 1:18-cv-215<br><br>Dlott, J.<br>Litkovitz, M.J.<br><br>**ORDER** |

Petitioner, an inmate at the Ohio State Penitentiary, in Youngstown, Ohio, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2004 Hamilton County, Ohio, convictions for aggravated murder and having weapons while under disability. (Doc. 3). This matter is before the Court on petitioner's motions for expedited review (Docs. 4 & 6) and for bail pending determination of his habeas proceeding (Doc. 8), petitioner's affidavit in support of his motions for bail and expedited review (Doc. 13), respondent's responses in opposition to the motions (Docs. 7 & 9), and petitioner's replies in support of the motions (Docs. 10 & 11).

Petitioner's motions for expedited review (Docs. 4 & 6) are **DENIED**. On April 2, 2018, the undersigned issued an Order for Answer, directing respondent to file an answer conforming to the requirements of Rule 5 of the Rules Governing § 2254 Cases within sixty days of the date of filing the Order. (Doc. 2). Petitioner may, not later than twenty-one days after the answer is filed, file and serve a reply to the answer. (*See id.*). Once the answer, relevant state-court record, and any reply by petitioner have been filed, the Court will address the petition as expeditiously as possible. Petitioner has not established an impending event warranting a change to that schedule. *See Floyd v. Burt*, No. 06-cv-10357, 2007 WL 295028, at *1 (E.D. Mich. Jan. 29, 2007) (denying the petitioner's motion for expedited review "as unnecessary surplusage" and explaining that

"[t]he court endeavors to adjudicate all matters, including habeas corpus petitions, in a timely manner as justice ordinarily requires and as the pending caseload allows").[1]

Petitioner's motion for bail (Doc. 8) is **DENIED**. A federal court has authority to grant bail to a petitioner in a habeas corpus action pending a decision on the merits of the petition. *Dotson v. Clark,* 900 F.2d 77, 78-79 (6th Cir. 1990). However, in order to be admitted to bail in such a case, petitioner must show a substantial claim of law based on the facts surrounding the petition, and either a strong probability of success on the merits or the existence of some exceptional circumstances deserving of special treatment in the interest of justice. *Aronson v. May,* 85 S.Ct. 3, 5 (1964); *Dotson,* 900 F.2d at 79. Release of a state prisoner pending consideration of the habeas corpus petition is reserved for the extraordinary case. *See Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993). "Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Id.* "Before, and during, trial, the accused enjoys a presumption of innocence, and bail is normally granted." *Glynn v. Donnelly,* 470 F.2d 95, 98 (1st Cir. 1972). However, "the presumption fades upon conviction," with the State "acquir[ing] a substantial interest in executing its judgment." *Id.* "[T]his combination of factors dictates a formidable barrier for those who seek interim release while they pursue their collateral remedies." *Id.* Therefore, in the absence of exceptional circumstances, courts will not grant bail prior to a final decision on the merits unless the petitioner demonstrates not merely a clear case on the law, but also a clear and readily evident case on the facts. Even where the Court concludes that a petition raises a substantial question of

---

[1]Petitioner seeks "to expedite habeas review of [his] double jeopardy claims." (*See* Doc. 4, at PageID 53). However, he has not established that he is facing a second trial that could justify expedited consideration of his habeas petition.

2

law, "[m]erely to find that there is a substantial question is far from enough." *Lee,* 989 F.2d at 871 (quoting *Glynn,* 470 F.2d at 98).

Petitioner has not demonstrated exceptional circumstances to justify his release on bail pending a decision on the merits of the petition. In support of his request, petitioner relies on the merits of his petition, which have yet to be established, and his status as a pauper. (*See* Doc. 8, at PageID 79-80). Petitioner also seems to assert that he is entitled to relief based on an alleged incident on April 30, 2018, where mace or pepper spray was released in his cell block, causing him to cough and sweat and his nose to run. (*See* Doc. 13, at PageID 104-05). These reasons do not satisfy the standard set forth in *Dotson* and are not sufficiently compelling to offset the presumption created by the judicial determination herein.

Accordingly, in sum, petitioner's motions for expedited review (Docs. 4 & 6) and his motion for bail (Doc. 8) are **DENIED**.

**IT IS SO ORDERED.**

Date: 5/16/18

Karen L. Litkovitz
United States Magistrate Judge