# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| PELE BRADFORD,<br>Petitioner,<br><br>vs.<br><br>WARDEN, OHIO<br>STATE PENITENTIARY,<br>Respondent. | Case No. 1:18-cv-215<br><br>Dlott, J.<br>Litkovitz, M.J.<br><br>**REPORT AND**<br>**RECOMMENDATION** |

Petitioner, an inmate in state custody at the Ohio State Penitentiary, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 3). This matter is before the Court on the petition, respondent's return of writ (Doc. 32), and petitioner's reply (Doc. 39). Also before the Court is respondent's reply to petitioner's traverse brief and petitioner's surreply. (Doc. 42, 44).

## I. PROCEDURAL HISTORY

### State Trial Proceedings and Direct Appeal

On January 9, 2004, the Hamilton County, Ohio, grand jury returned a two-count indictment charging petitioner with one count of aggravated murder, pursuant to Ohio Rev. Code § 2903.01(A), and one count of having weapons while under disability. (Doc. 31, Ex. 1).[1] On May 13, 2004, following a jury trial, petitioner was found guilty of all charges. (Doc. 31, Ex. 5). As discussed below, the verdict entry for petitioner's murder conviction stated that the jury found petitioner guilty of aggravated murder under § 2903.01(B) instead of § 2903.01(A), as was charged in the indictment and indicated on petitioner's judgment entry. (*See id.* at PageID 208; Ex. 8 at PageID 217). Petitioner was sentenced to serve a total aggregate prison sentence of

---

[1] Prior to trial, the indictment was amended to correct a clerical error. (*See* Doc. 31, Ex. 3–4).

twenty-four years to life in the Ohio Department of Corrections. (*See* Doc. 31, Ex. 8).[2]

On June 18, 2004, petitioner filed a pro se "motion for appeal" to the Ohio Court of Appeals. (Doc. 31, Ex. 9). With the assistance of counsel, petitioner subsequently filed an appellate brief raising the following two assignments of error:

> FIRST ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF DEFENDANT-APPELLANT WHEN IT ENTERED A CONVICTION THAT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
>
> SECOND ASSIGNMENT OF ERROR: THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REFUSED TO ALLOW A POLICE REPORT INTO EVIDENCE.

(Doc. 31, Ex. 10). On May 6, 2005, the Ohio appeals court affirmed the judgment of the trial court. (Doc. 31, Ex. 12).

Petitioner did not file an appeal to the Ohio Supreme Court from the Ohio Court of Appeals' ruling on direct appeal.

## Post-Conviction Relief

On December 20, 2004, during the pendency of petitioner's direct appeal, petitioner filed a petition to vacate or set aside his conviction or sentence. (Doc. 31, Ex. 13). Petitioner raised the following single ground for relief:

> Bradford was denied the effective assistance of counsel when trial counsel failed to call defense witness, failed to interview State's key witness, denied Bradford the right to testify on his own behalf, and failed to establish a defense strategy.

(*Id.* at PageID 263). The petition was denied by the trial court on February 9, 2005.[3] (Doc. 31,

---

[2] On May 28, 2004, petitioner filed an unsuccessful motion for a new trial based on the racial composition of the jury. (*See* Doc. 31, Ex. 6–7).

[3] The entry denying the petition was not docketed until February 16, 2010, approximately five years later.

2

Ex. 15, 16).

## Motion for New Trial

On November 27, 2009, several years later, petitioner filed a "motion for leave to file motion for new trial based upon newly discovered evidence and/or petition for post-conviction relief." (Doc. 31, Ex. 17). Petitioner based the motion on newly discovered evidence in the form of an affidavit from Terrence Candidate, an inmate at the same prison as petitioner. Candidate's affidavit stated that he was the actual shooter of the victim in petitioner's case. On February 16, 2010, the trial court denied petitioner's motion. (Doc. 31, Ex. 21).[4]

Petitioner appealed the trial court's judgment on March 19, 2010. (Doc. 31, Ex. 25). However, the Ohio Court of Appeals dismissed the case *sua sponte* on April 14, 2010, finding that it was not timely filed. (Doc. 31, Ex. 26).

## Motion to Correct Judgment Entry of Sentence

Next, on January 5, 2015, petitioner filed a "motion to correct the judgment entry pursuant to Criminal Rule 36," seeking a *nunc pro tunc* order to correct a clerical error in the June 8, 2004 Judgment Entry. (Doc. 31, Ex. 28). Specifically, petitioner moved the trial court to amend his judgment form to specify that the jury found him guilty of aggravated murder under Ohio Rev. Code § 2903.01(B) as stated on the jury's verdict form, instead of § 2903.01(A) for which he was indicted and sentenced. The motion—construed by the trial court as a post-conviction petition brought under Ohio Rev. Code § 2953.21—was denied as untimely on February 25, 2015. (Doc. 31, Ex. 30).

---

[4] The state filed a motion to dismiss, which included a second affidavit from Candidate recanting his prior claim that he was the shooter in petitioner's case. (*See* Doc. 31, Ex. 20). Petitioner unsuccessfully moved to suppress the second affidavit. (Doc. 31, Ex. 23, 24).

Petitioner subsequently filed an appeal of the trial court's judgment and a motion for the Ohio Court of Appeals to correct the June 8, 2004 judgment entry in Case No. C-150207. (Doc. 31, Ex. 31, 32).[5] On April 30, 2015, the Ohio appeals court overruled petitioner's motion to correct the record. (Doc. 31, Ex. 34). Petitioner raised the following two assignments of error in his merit brief:

> Assignment of Error No. 1:
> THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO CORRECT THE RECORD PURSUANT TO APP. R. 9(E).
>
> Issues Presented for Review:
> A) Is incorrectly journalizing a verdict identifying Ohio Revised Code § 2903.01(A) as the jury's verdict in the June 8, 2004 Judgment Entry a "clerical error" and "mistake" when the actual verdict returned by the jury was for Ohio Revised Code § 2903.01(B)?
>
> B) Did the trial court abuse its discretion when it failed to correct the "clerical error" and "mistake" in the June 8, 2004 Judgment Entry pursuant to App. R. 9(E)?
>
> C) Is incorrectly journalizing the February 25, 2015 Entry Denying Motion to Correct Judgment Entry with the caption of appellant's January 5, 2015 motion as a "Motion to Correct Judgment Entry" as opposed to the proper caption of "Motion to Correct the Judgment Entry Pursuant to Criminal Rule 36" a "clerical error" and "mistake," or clear oversight?
>
> D) Did the trial court abuse it's discretion when it failed to correct the caption-title in the February 25, 2015 Entry Denying Motion to Correct Judgment Entry with the proper caption-title of appellant's January 5, 2015 motion, which is "Motion to Correct the Judgment Entry Pursuant to Criminal Rule 36," pursuant to App. R. 9(E)?
>
> Assignment of Error No. 2:
> THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO CORRECT THE CLERICAL ERROR IN THE JUNE 8, 2004 JUDGMENT

---

[5] Petitioner also unsuccessfully filed several other motions, including a notice of intent to file a grievance based on alleged misconduct in connection with the judgment entry, a motion to proceed to judgment in his favor, a motion to stay, request for recusal, motion for disqualification, and a motion entitled "judicial notice of public records." (*See* Doc. 31, Ex. 33, 39, 42, 44, 45, 46, 47, 48).

ENTRY PRUSUANT TO CRIM. R. 36, THEREBY DENYING THE APPELLANT DUE PROCESS AND EQUAL PROTECTION OF THE LAW IN VIOLATION OF THE 14TH AMENDMENT TO THE U.S. CONSTITION AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.

Issues Presented for Review:
A) Did the trial court abuse its discretion when it re-categorized the appellant's January 5, 2015 Motion to Correct the Judgment Entry Pursuant to Criminal Rule 36, as a Petition for Post Conviction Relief?

B) Is incorrectly journalizing a verdict identifying Ohio Revised Code § 2903.01(A) as the jury's verdict in the June 8, 2004 Judgment Entry a "clerical error" and "mistake" when the actual verdict returned by the jury was for Ohio Revised Code § 2903.01(B)?

C) Did the trial court abuse its discretion when it determined it lacked jurisdiction to correct the "clerical error" in the June 8, 2004 Judgment Entry pursuant to Criminal Rule 36?

D) Did the trial court abuse its discretion when it failed to correct the "clerical error" in the June 8, 2004 Judgment Entry pursuant to Criminal Rule 36?

(Doc. 31, Ex. 35). On May 18, 2016, the Ohio Court of Appeal affirmed the judgment of the trial court. (Doc. 31, Ex. 50). The appeals court found that it did not have jurisdiction to review petitioner's first assignment of error. With respect to the second assignment of error, the court affirmed the judgment of the trial court, reasoning in pertinent part as follows:

> Crim.R. 36 confers on a court the discretion to, at any time, correct "clerical mistakes in judgments, orders, or other parts of the record" or "errors in the record arising from oversight or omission." But the correctible error in Bradford's case was not, as he insisted, in his judgment of conviction, but in the aggravated-murder verdict form. In seeking relief under Crim.R. 36, Bradford essentially conceded what the record before us confirms, that the verdict form's misstatement of the division of the aggravated-murder statute under which he stood charged constituted a "clerical" error in the record, resulting from an "oversight" that went unnoticed by all parties to the prosecution. Thus, the verdict form was subject to correction under Crim.R. 36. And the trial court, when it entered judgment conviction Bradford under division (A) of the aggravated-murder statute, effectively made that correction. Under the circumstances, we cannot say that the court abused its discretion. *See State v. Davie*, 80 Ohio St.3d 311, 686 N.E.2d 245 (1997) (holding

5

that the trial court did not abuse its discretion in changing the wording in a verdict form after the jury was discharged when the change was not demonstrably prejudicial); *State v. Lattimore*, 1st Dist. Hamilton No. C-010488, 2002 Ohio App. LEXIS 731 (Feb. 22, 2002) (Holding that the verdict form's reference to the wrong subdivision of the rioting statute did not void the verdict).

Nor was Bradford otherwise entitled to relief from his aggravated-murder conviction based on his claim that convicting him under division (A), rather than division (B), of the statute violated his right to a jury trial. Crim.R. 36 afforded no relief on that basis, because the error alleged in the judgment of conviction was one of law, not fact. *See State v. Weaver*, 1st Dist. Hamilton No. C-050923, 2006-Ohio-5072, ¶ 16. The doctrine of res judicata barred the common pleas court from granting relief based on that claim in a postconviction motion, because the claim could fairly have been determined in Bradford's direct appeal, without resort to evidence outside the record. *See State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. And relief could not have been afforded under the court's jurisdiction to correct a void judgment, *see State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 363, ¶ 18-19, because the clerical error in the aggravated-murder verdict did not render that verdict void. *See State v. McNicol*, 143 Ohio St. 39, 53 N.E.2d 808 (1944), paragraph two of the syllabus (holding that "[j]ury verdicts in criminal cases are to have reasonable constructions and are not to be declared void unless from necessity originating in doubt of their import or irresponsiveness to the issue submitted, or unless they show a manifest tendency to work injustice.") *Accord Lattimore*.

We, therefore, affirm the judgment of the common pleas court.

(*Id.* at PageID 471–72). Petitioner's May 31, 2016 motion for reconsideration was overruled on June 1, 2016. (Doc. 31, Ex. 51, 52).

Petitioner did not appeal the decision to the Ohio Supreme Court.

### Motion to Correct Record and Resentence

Meanwhile, on March 31, 2015 and October 21, 2015, petitioner filed motions to correct the record pursuant to App. R. 9(E), to correct a clerical error pursuant to Crim. R. 36, and for resentencing in the trial court. (Doc. 31, Ex. 53, 54, 55). On October 22, 2015, the trial court overruled the motion for resentencing. (Doc. 31, Ex. 56).

6

## Motion to Vacate a Void Judgment

Next, on November 23, 2015, petitioner filed a motion to vacate his judgment to the Ohio Court of Appeals. (Doc. 31, Ex. 57). Petitioner moved the appeals court to vacate its May 6, 2005 direct appeal decision based on the following five assignments of error:

> I. The fraud on the court renders the judgment herein void as the failure to properly journalize the verdict returned by the jury in Count 1 in Case No. B-0400169, i.e., R.C. 2903.01(B), undermined the integrity of the proceeding.
>
> II. Appellant's conviction in Count 1 in Case No. B-0400169 for a violation of R.C. 2903.01(B), as found by the jury and validly reached in open court on the record, is void and must be vacated.
>
> III. The verdict form in Case No. B-0400169 does not indicate that the elements of R.C. 2903.01(A) are implicated. Accordingly, the imposition of a sentence pursuant to R.C. 2903.01(A) referenced by the June 8, 2004 Judgment Entry in Case No. B-0400169 is contrary to law and void.
>
> IV. Since the judgment in trial court Case No. B-0400169 was void, the judgment of affirmance of this Court would also be a nullity, and would impart no vitality to the judgment so affirmed by the is court on May 6, 2005.
>
> V. The void judgment rendered in Case No. B-0400169 constitutes a non-final appealable order.

(*Id.*).[6] On December 8, 2015, the Ohio Court of Appeals overruled petitioner's motion. (Doc. 31, Ex. 59).

Petitioner did not appeal the decision to the Ohio Supreme Court.

## Writs of Mandamus

Meanwhile, on March 25, 2015, petitioner filed a petition for a writ of mandamus

---

[6] Petitioner filed a supplement to his motion on November 30, 2015. (Doc. 31, Ex. 58). He also filed a "motion to deem conceded and grant appellant's motion to vacate a void judgment as served and filed pursuant to App. R. 15" on December 15, 2015. (Doc. 31, Ex. 60).

7

to order the state trial court judge to correct a clerical error on his judgment entry of sentence in the Ohio Court of Appeals. (Doc. 31, Ex. 61). The state filed a motion to dismiss the petition on the ground that it was barred by the doctrine of *res judicata*. (Doc. 31, Ex. 62). On May 14, 2015, the appeals court granted the motion to dismiss and dismissed the petition. (Doc. 31, Ex. 64). Petitioner unsuccessfully sought review of the Ohio Court of Appeals' decision in the Ohio Supreme Court. (*See* Doc. 31, Ex. 65–70). In its opinion, the Ohio Supreme Court noted that petitioner could have raised his claims on direct appeal or on appeal from the denial of his January 2015 motion to correct the judgment entry and, therefore, had an adequate remedy available to him.[7] *See State ex. Rel. Bradford v. Dinkelacker*, 54 N.E.3d 1216, 1216–17 (Ohio 2016).

On June 8, 2015, petitioner filed a second mandamus action in the Ohio Supreme Court. (Doc. 31, Ex. 71). Petitioner again requested that the trial court be ordered to correct the judgment entry. The Ohio Supreme Court dismissed the petition on August 26, 2015. (Doc. 31, Ex. 74).

Petitioner filed a third petition for a writ of mandamus on December 3, 2015 in the Ohio Court of Appeals. (Doc. 31, Ex. 75). Petitioner brought the action against the state court trial judge to vacate his sentence and resentence him. On January 20, 2016, the Ohio appeals court dismissed the petition. (Doc. 31, Ex. 77). Petitioner unsuccessfully appealed the judgment to the Ohio Supreme Court, which affirmed the

---

[7] The Ohio Supreme Court noted that "[t]o be entitled to extraordinary relief in mandamus, Bradford must establish a clear legal right to the requested relief, a clear legal duty on the part of Judge Dinkelacker to provide it, and the lack of an adequate remedy in the ordinary course of the law." *Id.* at 1216. The state supreme court determined that "Bradford could have raised the mistake in the original journal entry as part of his direct appeal of his conviction" and, "therefore had an adequate remedy in the ordinary course of the law." *Id.* at 1217.

judgment of the Ohio Court of Appeals on April 13, 2017. (*See* Doc. 31, Ex. 78, 79, 81).[8] The Ohio Supreme Court subsequently denied petitioner's motion for reconsideration. (Doc. 31, Ex. 82, 83).

### Writs of Prohibition and Procedendo

Finally, petitioner filed four petitions for a writ of prohibition and one petition for a writ of procedendo in the Ohio Court of Appeals and Ohio Supreme Court. The writs of prohibition petitions—filed on May 28, 2015, June 9, 2016, July 1, 2016, and July 29, 2016 (*See* Doc. 31 Ex. 84, 88, 93, 96)—were denied by the Ohio Courts on August 26, 2015, December 6, 2016, September 14, 2016, and December 28, 2016, respectively. (Doc. 31, Ex. 87, 92, 95, 100).

The petition for a writ of procedendo, filed on June 8, 2016 in the Ohio Supreme Court, was denied on August 31, 2016. (Doc. 31, Ex. 101, 103).

### Federal Habeas Corpus

On March 26, 2018, petitioner commenced the instant federal habeas corpus action. (*See* Doc. 3 at PageID 528). Petitioner raises the following two grounds for relief in the petition:

> **GROUND ONE**: The state trial court unreasonably determined the facts and ruled contrary to or unreasonably applied clearly established Supreme Court precedent in Green v. United States, 355 U.S. 184, by placing Bradford in jeopardy twice for the same offense under R.C. 2903.01(A) in Trial No. B-0400169 in violation of the Fifth Amendment. Bradford is entitled to a writ of habeas corpus pursuant to Sixth Circuit Court of Appeals precedent in Terry v. Potter, 111 F.3d 454.

> **GROUND TWO**: The state appellate court unreasonably determined the facts and ruled contrary to or unreasonably applied clearly established Supreme Court precedent in United States v. Ball, 163 U.S. 622, by reviewing the acquitted R.C. 2903.01(A) charge.

---

[8] Petitioner also filed a motion for reversal of judgment, which was denied by the Ohio Supreme Court. (*See* Doc. 31, Ex. 80, 81).

9

(Doc. 3).

Respondent has filed a return of writ in opposition to the petition. (Doc. 32). According to respondent, petitioner's grounds for relief are not cognizable, time-barred, procedurally defaulted, and without merit. Petitioner has filed a reply to the return of writ, to which respondent has replied. (Doc. 39, 42). Finally, petitioner has filed a surreply. (Doc. 44).

## II. THE PETITION SHOULD BE DENIED.

In this case, petitioner raises two grounds for relief, both asserting double jeopardy violations. As noted above, petitioner was indicted for aggravated-murder under Ohio Rev. Code § 2903.01(A). He claims that because the jury verdict form stated that the jury found petitioner guilty of aggravated-murder under Ohio Rev. Code § 2903.01(B), the jury implicitly acquitted him of aggravated-murder under § 2903.01(A). Petitioner contends that the trial court's subsequent judgment entry convicting him under § 2903.01(A) amounted to a double jeopardy violation. Although petitioner has sought to correct the alleged error through various post-conviction motions in the Ohio courts, petitioner indicates that he has not raised his double jeopardy claims in the state courts. (*See* Doc. 39 at PageID 946 ("Bradford never presented either one of the double jeopardy claims raised in grounds one and two of his habeas petition . . . to the state courts.")).

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28

U.S.C. § 2254(b)(1), (c); *see also Anderson,* 459 U.S. at 6; *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985). If the petitioner fails to fairly present his constitutional claims through the requisite levels of state appellate review to the state's highest court or commits some other procedural default that prevents a merit-based review of the federal claims by the state's highest court, he may have waived the claims for purposes of federal habeas review. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

It is well-settled under the procedural default doctrine that the default of a federal claim in the state court may preclude federal habeas review if the state court judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *See Harris,* 489 U.S. at 260-62. The Supreme Court has stated:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson,* 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner fails to comply with a state procedural rule that required him to have done something at trial to

preserve the issue for appellate review. *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996).

The Sixth Circuit applies a four-part test to determine if a claim is procedurally defaulted:

> (1) the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must determine whether the state courts actually enforced the state procedural sanction; (3) it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim; and (4) if the court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)).

In the usual case, the adequate and independent state ground doctrine will not apply to bar consideration of a federal claim on habeas corpus review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on a state procedural bar. *Harris*, 489 U.S. at 263; *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).[9] In cases where the last state court to render a reasoned opinion explicitly relies on a procedural bar, the court will presume that a later unexplained order did not silently disregard the procedural default and consider the merits of the claim. *Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991).

---

[9] In *Harris,* the Supreme Court noted that the rule requiring that the state court plainly state that its judgment rests on a state procedural default "applies only when a state court has been presented with the federal claim" raised by the state prisoner as a ground for federal habeas relief. *Harris,* 489 U.S. at 263 n.9; *see also Teague v. Lane,* 489 U.S. 288, 299 (1989) (plurality opinion) ("The rule announced in *Harris* . . . assumes that a state court has had the opportunity to address a claim that is later raised in a federal habeas proceeding."). The *Harris* Court further noted: "Of course, a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." *Harris,* 489 U.S. at 263 n.9.

In addition, the rule precluding federal habeas corpus review of claims rejected by the state courts on state procedural grounds applies only in cases where the state rule relied on by the courts is deemed "adequate" or, in other words, involves a "firmly established and regularly followed state practice" at the time that it was applied. *Ford v. Georgia,* 498 U.S. 411, 423-24 (1991); *Richey v. Mitchell,* 395 F.3d 660, 679 (6th Cir.) (citing *White v. Schotten,* 201 F.3d 743, 751 (6th Cir. 2000)), *rev'd on other grounds,* 546 U.S. 74 (2005) (per curiam); *Warner v. United States,* 975 F.2d 1207, 1213 (6th Cir. 1992); *see also Rideau v. Russell,* 342 F. App'x 998, 1002 (6th Cir. 2009). To be considered regularly followed, a procedural rule need not be applied in every relevant case, but rather "[i]n the vast majority of cases." *Dugger v. Adams,* 489 U.S. 401, 410 n.6 (1989); *see also Byrd v. Collins,* 209 F.3d 486, 521 (6th Cir. 2000).

Finally, the state court's adequate and independent finding of procedural default will preclude habeas corpus review of the petitioner's federal claims unless the petitioner can show "cause" for the default and "actual prejudice" as a result of the alleged violations of federal law, or that failure to consider the federal claims will result in a "fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750; *Harris,* 489 U.S. at 262; *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, petitioner did not satisfy the fair presentation requirement because petitioner failed to present his double jeopardy claims on direct appeal or to the Ohio Supreme Court. Thus, petitioner procedurally defaulted the claims asserted in his grounds for relief. Ohio law provides that an issue not raised on direct appeal is barred by the doctrine of *res judicata. See State v. Perry,* 226 N.E.2d 104, 105-06 (Ohio 1967) (syllabus); *State v. Combs,* 652 N.E.2d 205,

209 (Ohio App. 1 Dist. 1994) (holding that *res judicata* stops post-conviction relief for claims that could have been raised on direct appeal). Although petitioner did not raise his double jeopardy claims in the state courts, in ruling on petitioner's motion to correct his judgment entry, the Ohio Court of Appeals noted that petitioner's claim that error on the verdict form resulted in a violation of his right to a jury trial was barred by *res judicata* because he did not raise the claim on direct appeal. (*See* Doc. 31, Ex. 50 at PageID 472).[10]

The Sixth Circuit Court of Appeals has consistently recognized that under Ohio law an issue that is not raised by a petitioner on direct appeal is subsequently barred from review based on the doctrine of *res judicata*. *See, e.g., Norris v. Schotten,* 146 F.3d 314, 332 (6th Cir. 1998) (recognizing procedural default of a claim in habeas petition where appellant never raised the claim on direct appeal to the Ohio Court of Appeals and the Ohio Supreme Court); *Rust,* 17 F.3d at 160-61 (finding adequate and independent state procedural rule where new claims raised in his second motion for leave to file a delayed direct appeal were barred by the Ohio Court of Appeals as *res judicata* because the petitioner had opportunity to raise constitutional claims during delayed direct appeal but failed to do so); *Leroy,* 151 F.2d at 100 (holding as adequate and independent state grounds the procedural default of claims raised for the first time in a petition for writ of habeas corpus on the basis of *res judicata* where petitioner failed to raise those claims

---

[10] In a separate but related action, the Ohio Court of Appeals also found petitioner's claim regarding the jury verdict form was barred by *res judicata*. While serving his sentence for the aggravated murder conviction that is the subject of this action, petitioner was charged with and pled guilty to a charge of escape. He subsequently sought to withdraw his guilty plea, arguing that in light of the jury verdict form error his underlying aggravated murder conviction and sentence were void. According to petitioner, his escape conviction was also void because he was not under lawful detention at the time he was charged with escape. On appeal from the denial of his motion to withdraw his guilty plea, the Ohio Court of Appeals found that petitioner's claim regarding the jury verdict form was barred by res judicata, finding that "[a]ppellant clearly could have previously raised this argument as part of a direct appeal, did not, and is now barred by principles of res judicata from collaterally attacking his conviction and sentence"). *Ohio v. Bradford,* 91 N.E.3d 10, 21–22, n.7 (Ohio App. 4 Dist. May 23, 2017).

in his direct appeal to the Ohio Court of Appeals and to the Ohio Supreme Court).

As cause for his default, petitioner argues that his appellate attorney failed to inform him of the Court of Appeals' May 6, 2005 direct appeal decision. (*See* Doc. 39 at PageID 963-68; Doc. 44 at PageID 1003). According to petitioner, if not for appellate counsel's ineffective assistance, he would have filed a timely application to reopen his appeal asserting that his appellate counsel was ineffective for failing to raise the jury verdict form claim and the related double jeopardy claims presented in the instant petition.

The ineffective assistance of appellate counsel can serve as cause to overcome a procedural default. *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 432 (6th Cir. 2006). "However, for ineffective assistance of counsel to serve as cause, an ineffective-assistance claim must be independently presented to and properly exhausted in the state courts." *Terry v. Jackson*, No. 16-4330, 2017 WL 5664915, at *2 (6th Cir. July 17, 2017) (citing *Edwards v. Carpenter*, 529 U.S. 446, 452–53 (2000)). In this case, petitioner has never presented his ineffective assistance of appellate counsel claims to the state courts.

In any event, petitioner's ineffective assistance of appellate counsel claim is insufficient to serve as cause in this case because petitioner was not prejudiced by counsel's alleged deficient performance. In order for the ineffective assistance of appellate counsel to serve as cause to excuse a procedural default petitioner must show that his appellate counsel's performance rose to the level of a constitutional violation under *Strickland v. Washington*, 466 U.S. 668 (1984). *McFarland v. Yukins,* 356 F.3d 688, 699 (6th Cir. 2004). To establish that his appellate attorney was ineffective, petitioner must demonstrate that (1) counsel made such serious errors he was not

functioning as "counsel" guaranteed by the Sixth Amendment; and (2) the allegedly deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

In *Smith,* 463 F.3d at 434–35, the Sixth Circuit held that the effective assistance of appellate counsel includes counsel's duty to inform the client of the Ohio Court of Appeals' decision. The *Smith* court found that counsel's failure to inform the petitioner of his appellate decision until three days before his appeal to the Ohio Supreme Court was due constituted constitutionally deficient performance. *Id.* In assessing whether counsel's deficient performance resulted in prejudice, the Sixth Circuit found the relevant inquiry to be whether "there is a reasonable probability that, but for counsel's deficient failure to notify [petitioner] of the Ohio Court of Appeals decision, [petitioner] would have timely appealed to the Ohio Supreme Court." *Id.* at 435 (internal quotation marks removed) (quoting *Roe v. Flores–Ortega,* 528 U.S. 470, 484 (2000)). The Sixth Circuit applied "a rebuttable presumption that if the period of time between when the defendant learned of the decision and when he or she attempted to appeal the decision is *greater* than the period allotted by state law for the timely filing of an appeal . . . the defendant fails to demonstrate that he or she 'would have timely appealed' the decision." *Id.* (emphasis in original) (citing *Flores–Ortega,* 528 U.S. at 485). Because the petitioner in *Smith* waited approximately five months after learning of the decision to initiate an appeal, the court found that petitioner failed to establish that he was prejudiced by counsel's failure to notify him and could not rely on counsel's deficient performance to overcome his procedural default. *Id.* at 435–36.

In this case, petitioner claims that he would have filed a timely application to reopen his appeal if his appellate attorney notified him of the Ohio Court of Appeals' May 6, 2005 decision.

Ohio App. R. 26(B) provides that an "application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from the journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." Petitioner does not indicate when he became aware of the direct appeal decision. However, at the very latest,[11] petitioner was aware of the decision by November 23, 2015, when he filed his motion to vacate a void judgment, moving the appellate court to vacate the decision. (*See* Doc. 31, Ex. 57). To date, nearly three years in excess of the 90-day time limit to file a 26(B) application, petitioner has not filed an application to reopen his appeal nor has he advanced any cause for his failure to do so. Because petitioner failed to file an application to reopen his appeal within ninety days of being notified of the decision, petitioner has failed to demonstrate that he was prejudiced by appellate counsel's alleged deficient performance or, in other words, that there was a reasonable probability that he would have timely filed if not for counsel's failure to notify him of the decision. *See Smith*, 463 F.3d at 436.[12] Accordingly, petitioner cannot rely on the ineffective assistance of appellate counsel as being cause to overcome the procedural default of his claims for habeas relief.[13] *See id.*

---

[11] Despite petitioner's claim that he was unaware of the decision, the Hamilton County Clerk Online Docket sheet includes a May 12, 2005 entry indicating that notice of the judgment was sent to petitioner. Viewed at https://www.courtclerk.org under case number C 0400382. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Lets*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

[12] The same analysis applies to preclude petitioner from relying on the ineffective assistance of appellate counsel as cause to the extent that he claims he would have filed a timely appeal to the Ohio Supreme Court if appellate counsel had informed him of the decision. (*See* Doc. 39 at PageID 967). Ohio Sup. Ct. Prac. R. 7.01(A)(1)(a)(i) provides that a notice of appeal must be filed within forty-five days from the entry of the judgment being appealed. As noted above, petitioner was aware of the Ohio Court of Appeals' decision by November 23, 2015. Because petitioner did not file a delayed appeal to the Ohio Supreme within forty-five days of being notified of the direct appeal decision, he has failed to demonstrate that he was prejudiced by appellate counsel's alleged failure to notify him of the decision.

Finally, petitioner has not demonstrated that a fundamental miscarriage of justice will occur if his procedurally-defaulted claims for relief are not considered or, in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent." *See Murray*, 477 U.S. at 495–96. *See also Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Bonilla*, 370 F.3d at 498. To establish a credible claim of actual innocence sufficient to excuse his procedural default, petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner must also show "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" in light of all the evidence, including that evidence alleged "to have become available only after the trial." *Id.* at 327–28. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 329. The Court notes that actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). *See also Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998). The actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Schlup*, 513 U.S. at 321.

---

[13] To the extent that petitioner may contend that his pro se status is sufficient to demonstrate cause, his position is without merit. A petitioner's pro se status or any "ignorance of the law and procedural requirements for filing a timely notice of appeal is insufficient to establish cause to excuse his procedural default." *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004).

Petitioner has not demonstrated that his procedural defaults should be excused under the "fundamental miscarriage of justice" exception. Therefore, petitioner has procedurally defaulted and waived the claims raised in the petition.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 3) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to the claims alleged in the petition, which this Court has concluded are waived and thus procedurally barred from review, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[14]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 2/14/19

Karen L. Litkovitz
United States Magistrate Judge

---

[14] Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

PELE BRADFORD,
Petitioner,

vs.

WARDEN, OHIO
STATE PENITENTIARY,
Respondent.

Case No. 1:18-cv-215

Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).